FILED
CLERK
3:25 pm, Nov 26, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MERRITT ENVIRONMENTAL CONSULTING
CORPORATION,

                        Plaintiff,

       -against-

GREAT DIVIDE INSURANCE COMPANY and
BERKLEY SPECIALTY UNDERWRITING MANAGERS,

                        Defendant.
------------------------------------------------------------------------X

**ORDER**
17-CV-7495 (SJF)(AYS)

FEUERSTEIN, District Judge:

Pending before the Court are the objections of plaintiff Merritt Environmental Consulting Corporation ("plaintiff" or "Merritt") to the Report and Recommendation of the Honorable Anne Y. Shields, United States Magistrate Judge, dated October 10, 2018 ("the Report"), recommending that the motion of defendants Great Divide Insurance Company ("Great Divide") and Berkley Specialty Underwriting Managers ("BSUM") (collectively, "defendants") to dismiss plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim be granted. For the reasons set forth below, Magistrate Judge Shields's Report is accepted in its entirety.

I.     Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo. See* 28 U.S.C.

1

§ 636(b)(1); Fed. R. Civ. P. 72(b)(3). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.     Plaintiff's Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Shields: (i) "incorrectly interpret[ed] the law governing the application of the radioactive matter exclusion relied upon by Great Divide to deny coverage to Merritt[,]" (Plf. Obj. at 1); (ii) "mistakenly characterize[d] New York law regarding key language in the radioactive matter exclusion of the Policy and, as a result, erroneously conclude[d] that the exclusion applies here[,]" (*id.* at 5); and (iii) erroneously applied an "overly broad interpretation of 'but for' causation to the phrase 'arising out of.'" (*Id.* at 6-7; *see also Id.* at 8 ["Merritt specifically objects to the Report's characterization and subsequent application of New York law regarding application of the phrase 'arising out of' in this case. . . ."])  In addition, plaintiff contends that "[t]he Report's recommendation that the motion to dismiss be granted on the basis that radioactive matter is the 'but for' cause of the allegations against Merritt is . . . premature at this time." (*Id.* at 7).

Upon *de novo* review of the Report and all motion papers, and consideration of plaintiff's objections to the Report and defendants' responses thereto, plaintiff's objections are overruled and the Report is accepted in its entirety. In the context of an insurance policy exclusion, "[t]he New York Court of Appeals has held that the phrase 'arising out of' is 'ordinarily understood to mean originating from, incident to, or having connection with[,]'" *Federal Ins. Co. v. American Home Assur. Co.*, 639 F.3d 557, 568 (2d Cir. 2011) (quoting *Maroney v. N.Y. Cent. Mut. Fire*

*Ins. Co.*, 5 N.Y.3d 467, 472, 805 N.Y.S.2d 533, 839 N.E.2d 886 (2005) (internal quotations and citation omitted)), and "requires only that there be *some* causal relationship between the injury and the risk for which coverage is provided." *Id.* (quoting *Maroney*, 5 N.Y.3d at 472, 805 N.Y.S.2d 533). Magistrate Judge Shields properly applied a "but for" test to determine, based upon the complaints in the underlying lawsuits and the language of the relevant provisions of the subject Policy, that the "arising out of exclusion" at issue, *i.e.*, the radioactive matter exclusion in the subject Policy, applies and bars coverage for the underlying lawsuits. *See Mount Vernon Fire Ins. Co. v. Creative Hous. Ltd.*, 88 N.Y.2d 347, 350, 645 N.Y.S.2d 433, 668 N.E.2d 404 (1996); *Country-Wide Ins. Co. v. Excelsior Ins. Co.*, 147 A.D.3d 407, 409, 46 N.Y.S.2d 96 (N.Y. App. Div. 2017).

III.  Conclusion

For the reasons set forth above, plaintiff's objections are overruled, the Report is accepted in its entirety and, for the reasons set forth in the Report, defendants' motion to dismiss plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted; plaintiff's claims against BSUM are voluntarily dismissed in their entirety pursuant to Rule 41(a) of the Federal Rules of Civil Procedure; and plaintiff's claims against Great Divide

are dismissed in their entirety with prejudice for failure to state a claim for relief. The Clerk of the Court shall enter judgment in accordance with this Order and close this case.

SO ORDERED.

                                                                                             /s/              
                                                        Sandra J. Feuerstein
                                                        United States District Judge

Dated:  November 26, 2018
         Central Islip, New York